**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

DON BRENT WENSAUER, et al., )
)
Plaintiffs, )
)
vs. ) Case No. CIV-08-467-F
)
DANIEL ALDO MARTORELLA, )
et al., )
)
Defendants. )

**ORDER**

Before the Court are separate special appearances and motions to dismiss filed by Defendants James Callahan Company, Inc. and James Melvin F. Callahan d/b/a James Callahan International (doc. no. 5) and by Defendant Daniel Aldo Martorella d/b/a Martorella & Associates (doc. no. 6). Defendants assert that the Court is without jurisdiction over them because plaintiffs have not alleged that they had "significant contacts with the State of Oklahoma" sufficient to subject them to the jurisdiction of the Court. Defendants also assert that venue is improper under 28 U.S.C. § 1391(b). Plaintiffs in response point out that they have alleged various violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by failures to disclose and threats of legal action by Defendant Daniel Aldo Martorella d/b/a Martorella & Associates in demand letters sent to Oklahoma and telephone calls to plaintiffs in Oklahoma. Plaintiffs assert that such letters and telephone calls to the state of Oklahoma provide a proper basis for jurisdiction in this Court. They further assert that the receipt of allegedly FDCPA-offending communications in this district amounts to a "substantial part of the events . . . giving rise to the claim" occurring in this district such that venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), citing

*inter alia*, Bates v. C&S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) and Russey v. Rankin, 837 F.Supp. 1103, 1105 (D.N.M. 1993). With respect to Defendants James Melvin F. Callahan d/b/a James Callahan International and James Callahan Company, Inc., plaintiffs suggest that the Court has personal jurisdiction over those Defendants on supplemental state law claims for negligence, gross negligence, intentional infliction of emotional distress and the Oklahoma Consumer Protection Act because those Defendants allegedly made misrepresentations in California to plaintiffs that certain goods were hand-made by local California artisans when in fact they were mass-produced and later sent those goods to plaintiffs in the state of Oklahoma after plaintiffs called Defendants and placed an order to purchase the items. *See* Plaintiffs' Response and Objection to Motion to Dismiss of Defendants James Callahan Company, Inc. and James Melvin F. Callahan d/b/a James Callahan International (Doc. No. 8) at pp. 5 & 6; Complaint at ¶¶ 7-10 & 22-32.

Defendants, by these motions, make only a facial attack on plaintiffs' allegations as they relate to personal jurisdiction and venue. Defendants have presented no affidavits or other evidence on the issues of *in personam* jurisdiction and venue. Thus, the Court simply reviews the allegations in the complaint, accepting them as true, to determine whether plaintiffs have adequately alleged bases for personal jurisdiction and venue over the Defendants.

Plaintiffs' allegations that Defendant Daniel Aldo Martorella violated the FDCPA by sending letters to plaintiffs in Oklahoma which failed to contain disclosures required by the FDCPA and alleged threatening legal action without the intent to do so, among other things, *see* Complaint at ¶¶ 12, 14, 21-22 & Exhibits "2" & "4" to Complaint, are sufficient to show that that Defendant purposefully directed his debt collection activities at residents of Oklahoma and purposefully availed

himself of the privilege of doing business in Oklahoma and that plaintiff's claims arose out of that Defendant's forum-related activities. Thus, those allegations, accepted as true, establish that the Court has jurisdiction over Defendant Martorella under the Oklahoma long-arm statute. *See* Maloon v. Schwartz, Sweban & Slingbaum, L.L.P., 399 F.Supp.2d 1108, 1110-1113 (D. Haw. 2005); Brink v. First Credit Resources, 57 F.Supp.2d 848, 860-61 (D. Ariz. 1999); Vlasak v. Rapid Collection Systems, Inc., 962 F.Supp. 1096, 1100 (N.D. Ill. 1997); Paradise v. Robinson and Hoover, 883 F.Supp.521, 525-26 (D. Nev. 1995); Russey v. Rankin, 837 F.Supp. 1103, 1105 (D.N.M. 1993); Elwood v. Cobra Collection Agency, 2006 WL 3694594 at * 2-4 (S.D. Miss. Dec. 14, 2006); Scott v. Universal Fidelity Corp., 1999 WL 684122 at * 2-6 (N.D. Ill. Aug. 30, 1999). And because a substantial part of the events giving rise to a claim under the FDCPA occurs in the state where a plaintiff receives the offending communication or debt collection letter, in this case alleged to have occurred in this district, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). *See* Bates v. C&S Adjusters, Inc., 980 F.2d 865, 866-68 (2d Cir. 1992); Maloon v. Schwartz, Sweban & Slingbaum, L.L.P., 399 F.Supp.2d at 1114; Paradise v. Robinson and Hoover, 883 F.Supp. at 526; Russey v. Rankin, 837 F.Supp. at 1105; Hyman v. Hill & Associates, 2006 WL 328260 at *1 (N.D. Ill. Feb. 9, 2006). Thus, the motion of Defendant Daniel Aldo Martorella d/b/a Martorella & Associates to dismiss plaintiffs' complaint for lack of personal jurisdiction and improper venue must be denied.

However, plaintiffs have alleged no affirmative acts by Defendants James Melvin F. Callahan d/b/a James Callahan International or by James Callahan Company, Inc. (collectively "the Callahan Defendants") purposefully directed at residents of the forum state or by which it purposefully availed itself of the privilege

of doing business in Oklahoma. *See, e.g.,* Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008). Plaintiffs allege that the Callahan Defendants sent an order form to plaintiffs only after plaintiffs called them in California to place an order for the items in question, Complaint at ¶ 9, and that plaintiffs received the items in Oklahoma from the Callahan Defendants only after calling Defendants to place the order for the items. A defendant's presence in or activities directed to the forum which arise from the unilateral acts of another or solicitation by the plaintiff are not ordinarily considered "purposeful availment" by a defendant which allows the forum to exercise jurisdiction over the defendant consistent with due process. *See e.g.,* OMI Holdings Inc. v. Royal Insurance Co. v. Canada, 149 F.3d 1086, 1093 (10th Cir. 1998); Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995). Moreover, plaintiffs' alleged injuries do not arise out of any activities by the Callahan Defendants in or directed to the State of Oklahoma as required for the assertion of specific jurisdiction. *See, e.g.,* Dudnikov, 514 F.3d at 1017. Rather, plaintiffs' injuries arise out of the alleged misrepresentations made by the Callahan Defendants to plaintiffs in California. Plaintiffs have not alleged any systematic and continuous activities of the Callahan Defendants in the forum state. Accordingly, the Court finds that plaintiffs have failed to allege facts supporting the assertion of personal jurisdiction over the Callahan Defendants consistent with due process.

In accordance with the foregoing, the motion of Defendant Daniel Aldo Martorella d/b/a Martorella & Associates to dismiss plaintiffs' complaint for lack of personal jurisdiction and improper venue (doc. no. 6) is **DENIED**, and the motion of Defendants James Callahan Company, Inc. and James Melvin F. Callahan d/b/a James

Callahan International to dismiss plaintiffs' complaint for lack of jurisdiction over those Defendants (doc. no. 5) is **GRANTED**.

IT IS SO ORDERED this 29th day of August, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0467p001 rev .wpd